UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL A. SINGLETON,               )
                                    )
            *Petitioner*,            )
                                    )
v.                                  )        No.:   3:12-cv-75
                                    )               (VARLAN/SHIRLEY)
THE P.T.S. EXTRADITION CO.,          )
THE STATE OF SOUTH CAROLINA,         )
THE STATE OF NEW JERSEY,             )
and JOHN DOE U.S. MARSHALS,          )
                                    )
            *Respondents*.           )


**MEMORANDUM AND ORDER**

Petitioner has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. §

2241 and a subsequent amended petition, as well as an application to proceed *in forma*

*pauperis*. Petitioner's application to proceed *in forma pauperis* is **GRANTED**. The Clerk

is **DIRECTED** to file this action without prepayment of costs or other fees as of the date the

petition was received. For the reasons stated below, the respondents shall not be required to

file an answer or other pleading to the petition and this petition is **DISMISSED**.

Petitioner is confined in the Evans Correctional Institution in Bennettsville, South

Carolina. His habeas corpus petition and amended petition are both rambling, disjointed, and

difficult to decipher. As best the Court can discern, however, petitioner claims he is actually

innocent of the charges to which he pleaded guilty in 2003 in Charleston, South Carolina.

He also claims his probation on those charges was improperly revoked, and that he was

illegally abducted by U.S. Marshals in New Jersey and transported across state lines to South Carolina.

The allegations in the petition and amended petition state no nexus whatsoever to either the State of Tennessee or to this Court. Accordingly, this Court lacks authority to grant petitioner any relief. *See* 28 U.S.C. § 2241(d) (a petition for habeas corpus by a state prisoner should be filed in the district court for the district in which the petitioner is incarcerated or in the district court for the district in which the state sentence was imposed).[1]

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this Court, the petition for the writ of habeas corpus is **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is DIRECTED to notify the petitioner of this Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court hereby **DENIES**

---

[1]The Court notes that petitioner did in fact file a habeas corpus petition in the U.S. District Court for the District of South Carolina. *See Michael A. Singleton v. Warden, Evans Correctional Institution*, Civil Action No. 2:11-cv-1034 (D.S.C. Aug. 25, 2011) (Order dismissing petition with prejudice).

2

the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules

of Appellate Procedure.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3